13-2127
Yu v. Holder

BIA
Nelson, IJ
A071 638 210

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

CHI XIN YU,
> *Petitioner,*

v.                                                          13-2127
                                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney

07162014-B1-4

**General; Cindy S. Ferrier, Assistant Director; Michele Y. F. Sarko, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chi Xin Yu, a native and citizen of the People's Republic of China, seeks review of a May 2, 2013, decision of the BIA, affirming the October 6, 2010, decision of Immigration Judge ("IJ") Barbara Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chi Xin Yu*, No. A071 638 210 (B.I.A. May 2, 2013), *aff'g* No. A071 638 210 (Immig. Ct. N.Y. City Oct. 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quotation marks and citations omitted). The applicable standards of review are well established. *See*

8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *superseded by statute, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

**I.   Past Persecution**

In pre-REAL ID Act cases, such as this case, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding," and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales*, 331 F.3d at 307 (internal quotation marks and citations omitted). Substantial evidence supports the agency's determination that Yu was not credible as to his claim that family planning officials had forced his ex-wife to terminate a pregnancy and had fined and detained him on account of that pregnancy.

Yu omitted from his original asylum application his alleged detention despite a question explicitly asking him to indicate whether he had ever been detained. *See Liang Chen v. U.S. Attorney Gen.*, 454 F.3d 103, 106-07 (2d Cir.

2006); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3 ("[a]n inconsistency and an omission are . . . functionally equivalent."). Yu did not provide a compelling explanation for this omission. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Moreover, as the agency noted, Yu had reason to later embellish his claim to include a detention under China's coercive population control policy. Prior to Yu's submission of an amended application, we issued our decision in *Shi Liang Lin v. U.S. Department of Justice*, 494 F.3d 296 (2d Cir. 2007), under which he was no longer *per se* eligible for relief solely based on his spouse's purported forced procedure.

Given the material omission from Yu's application, coupled with the timing of his amended application following the *Shi Liang Lin* decision, the agency reasonably found him not credible as to his claim of past persecution. *See Secaida-Rosales*, 331 F.3d at 307-08; *see also Liang Chen*, 454 F.3d at 106-07.

**II. Well-Founded Fear of Persecution**

For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's determination that Yu failed to demonstrate his

4

eligibility for relief based on his fear of future persecution for his alleged violation of China's population control program.  *See id.* at 158-72.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk